IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; EMI CONSORTIUM SONGS, INC. d/b/a EMI LONGITUDE MUSIC; SONY/ATV SONGS LLC; THE BERNARD EDWARDS COMPANY LLC; BMG PLATINUM SONGS (US); SHWAYZE; SHWAYCO; PWMP ACQUISITION I LLC d/b/a SURETONE PRIMARY WAVE MUSIC,<br><br>Plaintiffs,<br><br>v.<br><br>STUDY HALL LLC d/b/a STUDY HALL; and JONATHAN STARKEY a/k/a JON STARKEY, individually,<br><br>Defendants. | CIVIL ACTION NO.: 8:18-cv-3608-TMC<br><br><br><br>**ORDER** |

This matter is before the court on Plaintiffs' motion for attorney's fees and costs (ECF No. 22). Plaintiffs seek attorney's fees of $3,900 and costs of $827.05 for a total award of $4,727.05. *Id.*

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs filed this action alleging a claim for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq*. (ECF No. 1). Plaintiffs filed a motion for default judgment (ECF No. 13) on May 9, 2019. On September 10, 2019, the court entered an order granting the relief requested in the motion for default judgment and directing Plaintiffs to file a proper petition for attorney's fees in compliance with Local Rules. (ECF No. 18). Plaintiffs filed their motion for attorney's fees on September 24, 2019. (ECF No. 22).

1

Plaintiffs served Defendants with a copy of the motion, (ECF No. 23), but Defendants failed to respond. The motion is now ripe for review.

Plaintiffs' motion is supported by an affidavit of their own counsel and the attachment of supporting documentation as to the work performed and costs incurred. (ECF Nos. 22-2, 22-3). The rates sought are supported by an affidavit of an attorney from another firm who performs work in the same district and avers that the rates sought are within the normal range in this district. (ECF No. 22-1). In addition, Plaintiffs submit a supporting memorandum (ECF No. 22) addressing the factors considered in resolving motions for attorney's fees. *See generally Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir. 1978); *see also Roscizewski v. Arete Assocs., Inc.*, 1 F.3d 225, 234 (4th Cir. 1993).

In arriving at the award in this case, the court has also considered the applicable *Roscizewski* and *Barber* factors. These factors include, but are not limited to: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the customary fee for like work; (5) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the experience, reputation, and ability of the attorneys; (9) the undesirability of the case with the legal community; (10) the nature and length of the attorneys' professional relationship with the client; and (11) attorney fees awards in similar cases.

In the absence of an opposing memorandum, the court has reviewed Plaintiffs' motion and supporting documentation, compared it to the work evidenced by the docket and against the court's own knowledge of the proceeding and general knowledge of rates charged for work in this court. Having done so, the court finds both the rates and the hours to be reasonable.

## CONCLUSION

Accordingly, the court **GRANTS** Plaintiffs' Motion for Attorney Fees and Costs (ECF No. 22). For the reasons stated above, Plaintiffs are awarded attorney fees in the amount of $3,900.00 and costs in the amount of $827.05, for a total award of $4,727.05. Counsel shall provide a copy of this order to the Defendants at their last known address and file proof thereof with the court.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

November 18, 2019
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.